## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM KAREEM MIKE** | : | **CIVIL ACTION** |
| **v.** | : | |
| **THE DISTRICT ATTORNEY OF** | : | |
| **THE COUNTY OF BUCKS, et al.** | : | **NO. 07-cv-3418** |

F I L E D

2007

MICH_____ _____ Clerk
By _____ Dep. Clerk

### MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified in relevant part as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution, or by federal law, or by a treaty entered into by the United States, have been violated.

Petitioner, who is in state custody, filed a petition in this court seeking habeas corpus relief pursuant to 28 U.S.C. §2254 on August 17, 2007, which the Clerk of this Court properly labeled as 07-cv-3418. Together with his habeas corpus petition, petitioner also submitted a statement to this court in 07-cv-3418, in which he claims that he is in the process of exhausting his state court remedies before the Courts of the state of Pennsylvania. Petitioner requests that consideration of 07-cv-3418 be held in abeyance until some time in the future. Petitioner states that he wants to be absolutely certain that in the event that he does not prevail before the state courts, that nothing unforeseeable happens that would cause the preclusion of this federal court's

1

consideration of his 28 U.S.C. §2254 petition.

Normally, 28 U.S.C. §2244(d)(2) protects a prisoner from the risk of having his AEDPA statute of limitations period lapse during the pendency of a "properly filed" state petition; accordingly, dismissal without prejudice is typically the proper course of action in such situations.[1] However, if the state court finds that the state petition is untimely, then that state petition is not considered to be "properly filed" for purposes of 28 U.S.C. §2244(d)(2).[2] The possibility of the petitioner being confused in such a situation would justify *a stay* of this court's consideration of his petition (and *not a dismissal without prejudice*), provided that:[3]

I.   The petitioner had good cause[4] for his failure to exhaust; **and**,
II.  The unexhausted claims are potentially meritorious; **and**,
III. There is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

This court understands the difficult position that AEDPA's strict and short statute of limitations has created for petitioner. Accordingly, this ___4th___ Day of ___Sept.___ 2007, it is hereby **ORDERED** as follows.

---

[1] Harris v. Beard, 393 F.Supp. 2d 335 (E.D. Pa. 2005).

[2] Pace v. DiGuglielmo, 544 U.S. 408 (2005); Satterfield v. Johnson, 434 F.3d 185 (3rd Cir. 2006).

[3] Rhines v. Weber, 544 U.S. 269 (2005); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004); Harris v. Beard, 393 F.Supp. 335 (E.D. Pa. 2005).

[4] A petitioner's confusion about whether a state filing would be timely will ordinarily constitute "good cause" for a petitioner to file in federal court and request an abeyance. Rhines v. Weber, 544 U.S. 269 (2005); Pace v. DiGuglielmo, 544 U.S. 408 (2005).

1.    Whereas petitioner has neither requested leave to proceed in forma pauperis nor paid the five dollar filing fee, the Clerk of this Court shall furnish petitioner with a blank copy of this court's current standard in forma pauperis application form.

2.    07-cv-3418 is **STAYED** pending ***either:***
    A.    disposition by the courts of the state of Pennsylvania of petitioner's attempts to exhaust his state court remedies; ***or,***
    B.    further notice by this court.

3.    The Clerk of this Court shall place 07-cv-3418 in civil suspense and mark it **CLOSED** for statistical purposes only.

4.    Petitioner is placed on formal notice that in the event of a negative final decision of the Supreme Court of Pennsylvania with regard to his petition filed in Pennsylvania state court pursuant to 42 Pa.C.S. §§9541 et seq., that if he wishes that the arguments made in 07-cv-3418 be considered by this court on the merits, that he shall so notify this Court in writing ***within thirty (30) days*** of that negative final decision of the Supreme Court of Pennsylvania, and that this notification shall be accompanied by ***either:*** a completed in forma pauperis application form; ***or,*** a check for five dollars.  If petitioner does so notify this court ***within thirty (30) days*** of that negative final decision of the Supreme Court of Pennsylvania, that the stay imposed by this Order in 07-cv-3418 shall be **LIFTED**  by this court, with August 17, 2007 being considered as the date on which 07-cv-3418 was filed for purposes of the statute of limitations of 28 U.S.C. §2244(d).


_____
**JAMES T. GILES, U.S. District Judge**